**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSUE HERNANDEZ, § <br> ELVIN JOEL EUCEDA GARCIA, § <br> EUCEBIO EUCEDA - GARCIA, § <br> JOSE ANGEL EUCEDA GARCIA, § <br> AND ALL SIMILARLY SITUATED § <br> EMPLOYEES § <br> § <br> **Plaintiffs,** § <br> § <br> vs. § <br> § <br> KLOSE CONSTRUCTION AND § <br> FABRICATION, INC. d/b/a § <br> BBQ PITS BY KLOSE § <br> § <br> **Defendant.** § | NO. _____ | |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COME Plaintiffs, Josue Hernandez, Elvin Joel Euceda Garcia, Eucebio Euceda - Garcia, and Jose Angel Euceda Garcia, and all similarly situated employees, and bring this Original Complaint as follows:

### **A. PARTIES**

1.  Plaintiff, Josue Hernandez, is an individual who is currently a resident of the State of Texas.

2.  Plaintiff, Elvin Joel Euceda Garcia, is an individual who is currently a resident of the State of Texas.

3.  Plaintiff, Eucebio Euceda - Garcia, is an individual who is currently a resident of the State of Texas.

4.  Plaintiff, Jose Angel Euceda Garcia, is an individual who is currently a resident of

the State of Texas.

5. Defendant, Klose Construction and Fabrication, Inc. d/b/a BBQ Pits by Klose, [hereinafter "Defendant" or "Klose"] is a for-profit corporation incorporated under the laws of the State of Texas, and currently has its principal place of business in Texas. Defendant may be served with process by serving its registered agent for service of process, David Klose, 2214 ½ W. 34th, Houston, Texas 77018.

## B. JURISDICTION

6. The Court has personal jurisdiction over the Defendant because the Defendant was conducting business in Texas and employed Plaintiffs in Texas, and committed actions in Texas that gave rise to this cause of action.

7. The Court has jurisdiction over the Defendant under § 16(b) of the FAIR LABOR STANDARDS ACT ["FLSA"], 29 U.S.C. § 216(b), which provides: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## C. VENUE

8. Venue is proper in this district under 28 U.S.C. §1391 (b) because the Defendant resides in this district. Plaintiffs were employed by Defendant in Houston where Plaintiffs allege that they were paid wages that violated the FLSA.

## D. FACTUAL BACKGROUND

9. Throughout their employment with Defendant, Plaintiffs were asked to work overtime, which they did. Often times the Plaintiffs worked more than forty hours in a work week.

10.     At all relevant times, Plaintiffs were non-exempt employees and Defendant was their "employer" as defined in Sections 3(d) & (e)(1) of the FLSA, 29 U.S.C. §§ 203(d) & (e)(1). Defendant has been and continues to be an "enterprise" as defined in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of Sec. (3)(s)(1)(A) of the FLSA. Defendant has employed and continues to employ employees, including Plaintiffs and all similarly situated persons, that have been and continue to be engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206 & 207. At all relevant times, Defendant has had annual gross operating revenues in excess of $500,000.

11.     Plaintiffs bring their claims for unpaid overtime wages as a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all non-exempt employees of Defendant who were, are, or will be employed by Defendant who have been required, encouraged, and/or permitted to work without overtime compensation for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay, in violation of 29 U.S.C. § 207. Plaintiffs were misclassified as independent contractors rather than employees and were forced to sign a document identifying themselves as independent contractors. When Mr. Hernandez refused to sign this document, he was discharged. Plaintiffs seek to recover damages on behalf of themselves and all others similarly situated in the form of unpaid overtime compensation, liquidated damages, and all reasonable and necessary costs and attorney's fees.

12.     This lawsuit for violations of the FLSA may be brought and maintained as a collective action pursuant to § 16(b) of the FLSA for all FLSA claims asserted by Plaintiffs, since the claims of Plaintiffs are similar to the claims of all similarly situated persons. All non-exempt hourly

welders employed by Defendant have been subjected to the same pattern and practice that requires, encourages, or permits them to perform uncompensated work for the benefit of Defendant. This pattern and practice of wage abuse is a knowing and willful violation of the overtime provisions of the FLSA.

13. Upon information and belief, the number of similarly situated non-exempt Klose employees during the applicable period of limitations under the FLSA is estimated to be 17. The identity of these individuals can be ascertained from Defendant through discovery of its payroll and personnel records.

14. Plaintiffs believe and hereby aver that the requirements for a collective action under § 16(b) of the FLSA are met in this case, since the claims of Plaintiffs are similar to the claims of all similarly situated persons. By proving that the challenged practices existed, Plaintiffs will necessarily show that many employees of Defendant were subjected to them at the same time. It would be effective to adjudicate all claims arising out of these practices in a single collective action than to require each Klose employee to sue separately.

15. Questions of law and fact common to Plaintiffs and all similarly situated employees include, but are not limited to, the following:

    a. Whether Klose willfully failed to pay Plaintiffs and other similarly situated employees for work that Klose required and/or caused them to perform;

    b. Whether Plaintiffs are in fact and in law employees and not independent contractors;

    c. Whether Klose has engaged in a pattern and/or practice of threatening the Plaintiffs and other similarly situated employees with discharge, demotion or discrimination or otherwise intimidating Plaintiffs and other employees if they do not agree to be

4

classified as independent contractors;

d. Whether Klose fails to withhold taxes on Plaintiffs' wages and fails to pay its portion of FICA taxes for Plaintiffs and all similarly situated employees;

e. Whether Klose fails to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiffs and all similarly situated employees;

f. Whether Klose misclassified Plaintiffs and other similarly situated employees as exempt from overtime compensation; and

g. Whether Plaintiffs and other similarly situated employees were paid at a rate of time and a half for hours worked in excess of forty (40).

### E. FLSA CAUSES OF ACTION

### COUNT I
### OVERTIME VIOLATIONS

16. Plaintiffs reallege and reassert paragraphs 1 through 15.

17. Defendant's actions complained of herein constitute a violation of Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), because Defendant has failed to compensate Plaintiffs for hours worked in excess of forty hours in a work week at a rate of not less than one and one-half their regular hourly rate.

18. Because Defendant's actions also constituted a pattern and practice of failing to compensate similarly situated employees for hours worked in excess of forty hours in a work week at a rate of not less than one and one-half their regular hourly rate, Plaintiffs bring their cause of action for unpaid overtime wages and liquidated damages as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## RETALIATION

19. Plaintiffs reallege and reassert paragraphs 1 through 18.

20. Defendant retaliated against Plaintiff Hernandez in violation of the FLSA by discharging him after he refused to sign a document that misclassified him as an independent contractor. Hernandez's refusal to sign the document constituted protected activity under the FLSA. Hernandez was resisting his employer's violation of the FLSA. It is a violation of the FLSA "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . related to [the FLSA]." 29 U.S.C. § 215 (a)(3). Hernandez's protected activity was causally related to his discharge.

### F. DAMAGES

21. Plaintiffs reallege and reassert paragraphs 1 through 20.

22. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

   a. The amount of overtime wages not paid and an equal amount as liquidated damages;

   b. Plaintiff Hernandez was discharged from employment with Defendant. Hernandez has lost wages and will continue to lose wages until he is able to find employment at a wage rate that is not less than his wage rate when he was discharged. In the alternative, Hernandez seeks reinstatement to his employment.

   c. Hernandez suffered mental anguish and emotional distress, as well as other compensatory damages in the past and future.

   d. Defendant's retaliatory actions toward Hernandez entitle him to punitive damages.

### G. ATTORNEY FEES

23. Plaintiffs are entitled to an award of reasonable attorney's fees and costs under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

### H. PLAINTIFFS' DEMAND FOR JURY TRIAL

24. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all disputed factual issues.

### I. PRAYER

25. For these reasons, Plaintiffs ask for judgment against Defendant for the following:

   a. Determining that Defendant engaged in a pattern and practice of violating the overtime provisions of the FLSA.

   b. Determining that Defendant's pattern and practice was willful within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a).

   c. Awarding the Plaintiffs and other similarly situated persons unpaid overtime compensation as a result of the wrongs alleged herein, as well as an additional equal amount as liquidated damages.

   d. Awarding the Plaintiff Hernandez back pay, front pay, compensatory damages, and punitive damages. In the alternative to front pay, Hernandez seeks reinstatement to his position as a welder with Defendant.

   e. Awarding the Plaintiffs and other similarly situated persons pre- and post- judgment interest as allowed by law.

f. Awarding the Plaintiffs and other similarly situated persons interest, costs and expenses, including reasonable attorneys' fees and expert fees, and for such other relief, equitable, special or general, to which they are justly entitled.

g. All other relief the court deems appropriate.

Respectfully submitted,

AHN LAW FIRM

/s/ Kristopher K. Ahn
_____
Kristopher K. Ahn, J.D., M.B.A.
SBN: 00785312
FBN: 17241
9930 Long Point Road
Houston, TX 77055
(713) 781-2322 telephone
(713) 781-2542 telelcopier

ATTORNEY-IN-CHARGE FOR PLAINTIFFS JOSUE HERNANDEZ, ELVIN JOEL EUCEDA GARCIA, EUCEBIO EUCEDA - GARCIA, AND JOSE ANGEL EUCEDA GARCIA

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP.

/s/ Robert J. Filteau
_____
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
2626 South Loop West, Suite 426
Houston, Texas 77054
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY FOR PLAINTIFFS
JOSUE HERNANDEZ, ELVIN JOEL EUCEDA GARCIA, EUCEBIO EUCEDA - GARCIA, AND JOSE ANGEL EUCEDA GARCIA