IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSUE HERNANDEZ,** | § | |
| **ELVIN JOEL EUCEDA GARCIA,** | § | |
| **EUCEBIO EUCEDA - GARCIA,** | § | |
| **JOSE ANGEL EUCEDA GARCIA,** | § | |
| **AND ALL SIMILARLY SITUATED** | § | |
| **EMPLOYEES** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | NO. 4:12-cv-00363 |
| | § | |
| **KLOSE CONSTRUCTION AND** | § | |
| **FABRICATION, INC. d/b/a** | § | |
| **BBQ PITS BY KLOSE** | § | |
| | § | |
| **Defendant.** | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

**NOW COME** Plaintiffs Josue Hernandez, Elvin Joel Euceda Garcia, Eucebio Euceda - Garcia, and Jose Angel Euceda Garcia (herein "Plaintiffs"), and Defendant Klose Construction and Fabrication, Inc. d/b/a BBQ Pits by Klose (herein "Defendant"), and move the Court for an order approving the settlement of the individual claims as follows:

A. Background

1.     Plaintiffs, who were classified as independent contractors, filed this action under the FAIR LABOR STANDARDS ACT on February 7, 2012. Plaintiffs alleged that the Defendant violated the Fair Labor Standards Act by failing to compensate them in a timely manner for overtime work and improperly classifying them as independent contractors. Although this suit was filed as a collective action, following the filing of suit the Department of Labor became involved in examining

the wages and hours of all welders who worked for the Defendant so Plaintiffs agreed to withdraw their collective action and pursue the case for the individually-named Plaintiffs.

2. On November 14, 2012 the Defendant agreed to pay a confidential settlement amount in settlement of all Plaintiffs' claims. After the deduction of attorneys' fees, the net settlement amount represents approximately 98% of the wages that are believed to be owed to the Plaintiffs. All of the Plaintiffs have reviewed the calculations of the settlement amounts that they are to receive and have approved the settlement. The Defendant believes it has a meritorious defense to these claims, but has agreed to the settlement in order to limit its exposure for liability, damages and attorneys' fees. Counsel for the Plaintiffs believes the settlement is fair, just and in the best interest of the Plaintiffs and requests that the Court approve the settlement.

### B. Discussion

3. Parties may reach private compromises as to FLSA claims when there is a bona fide dispute is to the amount of hours worked or compensation due. *Martinez v. Bohls Bearing Equip. Co.,* 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). The Fifth Circuit has recently determined that rights under the Fair Labor Standards Act may be validated through the private settlement of a bona fide dispute. *Martin v. Spring Break 83' Productions, LLC,* 688 F. 3d 247, 256 (5th Cir. 2012) (application for certiorari pending). Counsel for the Plaintiffs believes that the settlement is in the best interest of the employees because this case involves a bona fide dispute over the classification of the employees, and whether the employees could prevail on the issue of whether a willful violation of the statute occurred.

4. The settlement is substantial, and must be judged as "a yielding of absolutes and an abandoning of highest hopes… Naturally, the agreement reached normally embodies a compromise;

in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation…" *Officers for Justice v. Civil Serv. Comm'n,* 688 F. 2d 615, 624 (9th Cir. 1982). The parties have engaged in extensive settlement negotiations since the filing of the lawsuit in an attempt to minimize the hours expended on the case. Were the settlement not approved, the parties would be required to complete the discovery process and get the case ready for trial which would entail a great deal of additional attorney time by both sides. Neither side believes that a trial would yield a materially better result.

### C. Conclusion

For the reasons outlined above, the parties jointly move for an order approving their confidential settlement of this case.

Respectfully submitted,

AHN LAW FIRM

/s/ Kristopher K. Ahn
_____
Kristopher K. Ahn, J.D., M.B.A.
SBN: 00785312
FBN: 17241
9930 Long Point Road
Houston, TX 77055
(713) 781-2322 telephone
(713) 781-2542 telelcopier

ATTORNEY-IN-CHARGE FOR PLAINTIFFS JOSUE HERNANDEZ, ELVIN JOEL EUCEDA GARCIA, EUCEBIO EUCEDA - GARCIA, AND JOSE ANGEL EUCEDA GARCIA

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP.

/s/ Robert J. Filteau

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
2626 South Loop West, Suite 426
Houston, Texas  77054
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY FOR PLAINTIFFS
JOSUE HERNANDEZ, ELVIN JOEL EUCEDA GARCIA, EUCEBIO EUCEDA - GARCIA, AND JOSE ANGEL EUCEDA GARCIA

Mills Shirley, L.L.P.

/s/ Charles P. Dunkel, Jr.\* (by permission)

Charles P. Dunkel, Jr.
Attorney-In-Charge
State Bar No. 24034427
Fed. I.D. No. 569890
Laura Hughes
State Bar No. 24068537
Fed. I.D. No.  1128993
1021 Main, Suite 1950
One City Centre
Houston, Texas 77002
(713) 225-0547 (Telephone)
(713) 225-0844 (Telecopier)

**ATTORNEY FOR DEFENDANT KLOSE CONSTRUCTION AND FABRICATION, INC. D/B/A BBQ PITS BY KLOSE**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the attached Joint Motion for Approval of Settlement has been forwarded to all counsel of record, by certified mail, return receipt requested, facsimile, and/or hand delivery on this the 27th day of November, 2012 as follows:

Charles P. Dunkel, Jr.
Laura Hughes
1021 Main, Suite 1950
One City Centre
Houston, Texas 77002

                                          /s/ Kristopher K. Ahn
                                          _____
                                          Kristopher K. Ahn